UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

| | |
|---|---|
| KIRK RUSSEL MARSH,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF UTAH; JUDGE MICHAEL EDWARDS; DANA EMMONS,<br><br>Defendants. | Case No. 1:24-CV-516<br><br>Judge Patricia Tolliver Giles<br>Magistrate Judge Ivan D. Davis |

**MEMORANDUM SUPPORTING DEFENDANTS JUDGE EDWARDS AND THE STATE OF UTAH'S MOTION TO DISMISS**

## TABLE OF CONTENTS


INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 1

LEGAL STANDARD ........ 4

ARGUMENT ........ 5

1. The Court lacks personal jurisdiction over Judge Edwards. ........ 5

   1.1 Virginia's long-arm statute does not reach Judge Edwards. ........ 6

   1.2 Due process does not allow the exercise of personal jurisdiction over Judge Edwards. ........ 7

      1.2.1 The Court lacks general jurisdiction. ........ 7

      1.2.2 This Court lacks specific jurisdiction. ........ 8

2. The Court lacks subject-matter jurisdiction to vacate the state-court judgment under the *Rooker-Feldman* doctrine. ........ 9

3. The State of Utah is entitled to Eleventh Amendment Immunity on all claims. ........ 10

4. Judge Edwards is entitled to absolute judicial immunity for all claims. ........ 12

5. Marsh has failed to state any viable claims. ........ 13

   5.1 Judicial Entrapment is not a recognized cause of action. ........ 13

   5.2 Marsh lacks standing to bring a § 1983 claim for violations of the Fourth and Fourteenth Amendment on behalf of his parents. ........ 14

   5.3 Marsh fails to allege facts sufficient to establish a § 1983 claim for violation of his Eighth Amendment Right. ........ 15

   5.4 In Section Four of Marsh's Complaint, Marsh fails to allege any constitutional violation or any other viable basis for a claim. ........ 17

   5.5 Marsh fails to state a claim for negligence. ........ 18

      5.5.1 Even if Marsh did state a claim for negligence, the claim is barred. ........ 19

   5.6 Marsh's claim for supervisory liability fails because there could not have been an underlying constitutional violation because Dana Emmons is not a state actor. ........ 21

CONCLUSION ........ 22

## TABLE OF AUTHORITIES

**Cases**

*AESP, Inc. v. Signamax, LLC*,
20 F. Supp. 3d 683, 688 (E.D. Va. 2014) .......... 6
*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) .......... 4, 14, 16, 21
*Austin v. United States,*
509 U.S. 602, 609–610 (1993) .......... 16
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 570 (2007) .......... 4
*Best Med. Belgium, Inc. v. Kingdom of Belgium*,
913 F. Supp. 2d 230, 236 (E.D. Va. 2012) .......... 4
*Bingham v. Bingham*,
No. 1:18-CV-395, 2018 WL 11469716, at *1 (E.D. Va. June 11, 2018) (unpublished) .... 10, 12
*Bradley v. Fisher*,
80 U.S. 335, 347 (1871) .......... 12
*Browning–Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*,
492 U.S. 257, 265 (1989) .......... 16
*Buckner v. Kennard*,
2004 UT 78, ¶ 40, 99 P.3d 842 .......... 18
*Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs., Inc.*,
334 F.3d 390, 397 (4th Cir. 2003) .......... 7
*Consulting Engineers Corp. v. Geometric Ltd.*,
561 F.3d 273, 279 (4th Cir. 2009) .......... 8
*D.C. Court of Appeals v. Feldman*,
460 U.S. 462 (1983) .......... 9
*Daimler AG v. Bauman*,
571 U.S. 117, 137 (2014) .......... 7, 8
*DeBauche v. Trani*,
191 F.3d 499, 506 (4th Cir. 1999) .......... 22
*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280, 287 (2005) .......... 10
*Ford Motor Co. v. Dep't of Treasury of Ind.*,
323 U.S. 459 (1945) .......... 11
*Forrester v. White*,
484 U.S. 219, 225–26 (1988) .......... 12
*Freilich v. Upper Chesapeake Health, Inc.*,
313 F.3d 205, 215 (4th Cir. 2002) .......... 15
*Golden State Transit Corp. v. City of Los Angeles*,

493 U.S. 103, 106 (1989) .......... 13, 17, 18
*Hall v. Quillen*,
631 F.2d 1154, 1156 (4th Cir. 1980) .......... 22
*Hassan v. Barzani*,
674 F. Supp. 3d 282, 290 (E.D. Va. 2023) .......... 6, 8
*Hudson v. McMillian*,
503 U.S. 1, 5 (1992) .......... 16
*Int'l Shoe Co. v. Washington*,
326 U.S. 310, 316 (1945) .......... 7
*Johns v. Stewart*,
57 F.3d 1544, 1554 (10th Cir. 1995) .......... 11
*Kanth v. Kanth*,
No. 20010718-CA, 2002 WL 31770985, at *3 (Utah Ct. App. Dec. 12, 2002) (unpublished) 18
*Katz v. United States,*
389 U.S. 347, 351 (1967) .......... 14
*King v. Myers*,
973 F.2d 354, 356 (4th Cir. 1992) .......... 12
*Kratos Def. Eng'g Sols., Inc. v. NES Assocs., LLC*,
No. 1:10CV1452 (GBL/IDD), 2011 WL 13248293, at *5 (E.D. Va. Mar. 23, 2011) .......... 5
*Lapides v. Bd. of Regents of Univ. Sys. of Georgia*,
535 U.S. 613, 618 (2002) .......... 10
*Lugar v. Edmondson Oil Co*.,
457 U.S. 922, 937 (1983) .......... 22
*McConnell v. Adams*,
829 F.2d 1319, 1328 (4th Cir. 1987) .......... 10, 11
*Mireles v. Waco*,
502 U.S. 9, 9–10 (1991) .......... 12
*Mylan Lab'ys, Inc. v. Akzo, N.V.*,
2 F.3d 56, 60 (4th Cir. 1993) .......... 4
*Pierson v. Ray*,
386 U.S. 547, 553–54 (1967) .......... 12
*Quern v. Jordan,*
440 U.S. 332, 341 (1979) .......... 11
*Rooker v. Fidelity Trust Co*.,
263 U.S. 413 (1923) .......... 9
*Shaw v. Stroud*,
13 F.3d 791, 799 (4th Cir. 1994) .......... 21
*Singleton v. Wulff,*
428 U.S. 106, 114 (1976) .......... 15
*State v. Torres*,

2000 UT 100, ¶¶ 7–8, 16 P.3d 1242 .......... 13
*Sutton v. Utah State Sch. for Deaf & Blind*,
173 F.3d 1226, 1233 (10th Cir. 1999) .......... 11
*UMG Recordings, Inc. v. Kurbanov*,
963 F.3d 344, 352 (4th Cir. 2020) .......... 8
*United States v. Bajakajian*,
524 U.S. 321, 327 (1998) .......... 16
*United States v. Castellanos*,
716 F.3d 828, 832 (4th Cir. 2013) .......... 14
*United States v. Cobb*,
905 F.2d 784, 787 (4th Cir. 1990) .......... passim
*United States v. Ellyson*,
326 F.3d 522, 527 (4th Cir. 2003) .......... 14
*United States v. Jalaram, Inc.*,
599 F.3d 347, 351 (4th Cir. 2010) .......... 16
*United States v. Kinney*,
953 F.2d 863, 865 (4th Cir. 1992) .......... 14
*United States v. Price*,
383 U.S. 787, 796 (1966) .......... passim
*United States v. Rumley,*
588 F.3d 202, 206, n. 2 (4th Cir. 2009) .......... 14
*Wagner v. State*,
2005 UT 54, ¶ 12, 122 P.3d 599 .......... 19
*Walden v. Fiore*,
571 U.S. 277, 283 (2014) .......... 7, 9
*Webb v. Univ. of Utah*,
2005 UT 80, ¶ 9, 125 P.3d 906 .......... 18
*Weller v. Dep't of Soc. Servs. for City of Baltimore*,
901 F.2d 387, 391 (4th Cir. 1990) .......... 5
*Whitley v. Albers*,
475 U.S. 312, 319 (1986) .......... 16
*Will v. Michigan Dep't of State Police*,
491 U.S. 58, 64 (1989) .......... 14, 16, 21

**Statutes**

42 U.S.C. § 1983 .......... 10, 12, 13, 17
18 U.S.C. § 241 .......... passim
18 U.S.C. § 242 .......... passim
Utah Code Ann. § 63-30-4 .......... 11
Utah Code Ann. § 30-3-5.2 .......... 18
Utah Code Ann. § 63G-7-201 .......... 19, 20

Utah Code Ann. § 63G-7-301 .......... 20
Utah Code Ann. § 76-2-303 .......... 13
Utah Code Ann. § 78A-5-107 .......... 3
Utah Code Ann. §§ 63G-7-101 .......... 19
Va. Code Ann. § 8.01-328.1 .......... 6

**Rules**

Fed. R. Civ. P. 10(c) .......... 5
Fed. R. Civ. P. 12(b) .......... 4
Utah R. J. Admin. 6-401 .......... 3

**Constitutional Provisions**

U.S. Const. amend. VIII .......... 16
U.S. Const. amend. XI .......... 10

## INTRODUCTION

Following an extensive divorce and child custody dispute, Plaintiff Kirk Russel Marsh asks this Court to vacate the Utah state-court divorce decree. Marsh seeks $117,000,000.00 in damages from the judge who presided over the divorce proceedings and the State of Utah, who Marsh claims is vicariously liable for the judge's decisions. Marsh alleges that Judge Edwards's decisions of, among others, requiring him to pay child support and to attend reunification therapy were erroneous and violated his constitutional rights. Rather than having appealed the divorce decree in Utah as the legal process would allow, Marsh seeks relief here in Virginia federal court.

Marsh's claims should be dismissed. This Court lacks personal jurisdiction over Judge Edwards, and under the *Rooker-Feldman* doctrine, this Court lacks the subject-matter jurisdiction to vacate the state-court divorce decree. Additionally, Defendant State of Utah is entitled to Eleventh Amendment immunity for all claims.

Even if this Court had personal jurisdiction and subject-matter jurisdiction, Defendant Judge Edwards is entitled to absolute judicial immunity. Moreover, Marsh has failed to state any cognizable or plausible claims for relief.

## FACTUAL BACKGROUND[1]

1. Kirk Russel Marsh is a resident of Fairfax, Virginia.[2]

---

[1] The following facts from Marsh's Complaint are admitted for the purposes of this motion only.
[2] Pl.'s Compl. at ¶ 2.

2. Judge Michael S. Edwards is a judge in the Utah District Court, Second Judicial District.[3] The State of Utah is a governmental entity.[4] At the time of the events at issue, Dana Emmons was the court-appointed reunification counselor upon which the parties agreed.[5]

3. On or about June 29, 2018, Marsh's wife filed for divorce in Utah court.[6] At this time, Marsh was incarcerated in Cumberland Federal Prison Camp for white-collar federal crimes.[7]

4. On or about May 14, 2019, Judge Edwards granted a Bifurcated Decree of Divorce.[8]

5. On or about August 15 and 16, 2019, Judge Edwards presided over a two-day bench trial to address the issues of property distribution, child support, and child custody.[9] Judge Edwards, having found that Marsh had dissipated at least half of the marital funds in the course of his illegal activities, awarded all of the marital equity to Marsh's wife.[10] Judge Edwards ruled that Marsh, upon release from prison, would have relocation parent time under the direction of an AFCC-certified reunification counselor.[11] Judge Edwards also ruled that Marsh would pay $700 per month for base child support and would pay costs for parent time.[12]

---

[3] *Id*. at ¶ 3.
[4] *Id*. at ¶ 5.
[5] *Id*. at ¶ 4. Based on information and belief, Ms. Emmons is not an employee of the State of Utah. She appears to be employed at Ellie Mental Health, which is not a state entity, and a summons for Ms. Emmons was not received by the State of Utah. As such, counsel for Judge Edwards and the State of Utah do not represent her and do not address the claims against her in this motion. Moreover, although Marsh asserts that the State of Utah is vicariously liable for Ms. Emmons actions, because Ms. Emmons is not an employee or agent of the state, the State of Utah cannot be held vicariously liable for her actions.
[6] *Id*. at ¶ 10.
[7] *Id*. at ¶ 8.
[8] *Id*. at ¶ 17.
[9] *Id*. at ¶ 26.
[10] *Id*. at ¶ 99.
[11] *Id*. at ¶ 29.
[12] *Id*. at ¶ 65.

6. Marsh's parents paid Marsh's child support obligations from September 2019 to December 2023.[13] Marsh's parents also paid for the reunification therapy services.[14]

6. On or about September 29, 2020, Marsh was released from prison to home confinement.[15]

7. On or about October 1, 2020, Judge Edwards ruled that Russel was eligible for parent time under the direction of the reunification counselor.[16]

8. In or around December 2019, the parties chose Dana Emmons as their reunification counselor. Marsh and his children first met with Emmons on or about December 10, 2019.[17]

9. In or around January 2021, Russel filed a motion to remove Emmons as reunification counselor.[18]

10. On or about April 1, 2021, Judge Edwards denied the motion, ruling that it was not in the best interest of the children to have to begin the reunification process again with another therapist.[19]

11. On or about November 7, 2022, the commissioner[20] ordered that the AFCC counseling required had been completed.[21]

---

[13] *Id*. at ¶ 75.
[14] *Id*. at ¶ 105.
[15] *Id*. at ¶ 32.
[16] *Id*. at ¶ 34.
[17] *Id*. at ¶ 38.
[18] *Id*. at ¶ 42.
[19] *Id*. at ¶ 128.
[20] [20] Under Utah law, Court commissioners are quasi-judicial officers and have limited judicial authority. Utah Code Ann. § 78A-5-107. Domestic relations matters, including divorce, are referred to the appointed commissioner. Utah R. J. Admin. 6-401.
[21] *Id*. at ¶ 179.

## LEGAL STANDARD

***Dismissal Under Rule 12(b)(2)***

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a case when the court does not have personal jurisdiction over the defendants. Fed. R. Civ. P. 12(b)(2). When defendants challenge the Court's personal jurisdiction over them, "the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). However, the plaintiff need only prove a prima facie case of personal jurisdiction when the court decides "a pretrial personal jurisdiction dismissal motion without an evidentiary hearing." *Id.* In determining whether the plaintiff has established such a prima facie case, "[t]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.*

***Dismissal Under Rule 12(b)(1)***

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a case when the court lacks jurisdiction "over the subject matter." Fed. R. Civ. P. 12(b)(1). If a defendant brings a "facial attack" to jurisdiction, "the court assumes the truth of all facts alleged by the plaintiff." *Best Med. Belgium, Inc. v. Kingdom of Belgium*, 913 F. Supp. 2d 230, 236 (E.D. Va. 2012).

***Dismissal Under Rule 12(b)(6)***

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate where the plaintiff's complaint fails to contain sufficient facts to "state a claim to relief that is plausible on its face," taking all well-pleaded facts, but not conclusory allegations, as true and construing them in the light most favorable to him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A pro se plaintiff's complaint should be viewed with "special judicial solicitude." *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). However, "the 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Id*.

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the complaint but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed. *Kratos Def. Eng'g Sols., Inc. v. NES Assocs., LLC*, No. 1:10CV1452 (GBL/IDD), 2011 WL 13248293, at *5 (E.D. Va. Mar. 23, 2011); Fed. R. Civ. P. 10(c).

## ARGUMENT

This is a case of a citizen suing a Utah judge, and the State of Utah, *respondeat superior*, for decisions the Utah judge made in Utah state court, in a lawsuit filed in federal court in Virginia. This Court lacks personal jurisdiction over Judge Edwards, lacks subject-matter jurisdiction to review the decisions Judge Edwards has made, and, because of the Eleventh Amendment and the State's sovereign immunity, lacks the power to adjudicate any claim against Utah. On the merits, Judge Edwards is entitled to judicial immunity from Plaintiff Marsh's $117 million suit, and Marsh fails to state any legally sufficient claim against Judge Edwards based in state or federal law. The complaint should be dismissed with prejudice.

### 1. The Court lacks personal jurisdiction over Judge Edwards.

As a threshold matter, the case should be dismissed for lack of personal jurisdiction over Judge Edwards. The "personal jurisdiction analysis calls for a two-step inquiry. The first step is

to determine whether Virginia's long-arm statute reaches the defendant; the second step requires 'determin[ing] whether the long-arm's reach exceeds its constitutional grasp.'" *Hassan v. Barzani*, 674 F. Supp. 3d 282, 290 (E.D. Va. 2023) (quoting *AESP, Inc. v. Signamax, LLC*, 20 F. Supp. 3d 683, 688 (E.D. Va. 2014)). Virginia's long-arm statute does not reach Judge Edwards, and even if it did, exercising jurisdiction over Judge Edwards would be improper because the Court has neither general or specific jurisdiction over Judge Edwards and thus the long-arm statute's reach would exceed its constitutional grasp.

### 1.1 Virginia's long-arm statute does not reach Judge Edwards.

Plaintiff Marsh has not pointed to a specific provision of the Virginia long-arm statute pursuant to which this Court may exercise personal jurisdiction over Judge Edwards. However, given the allegations of the Complaint, the only provision that could possibly be applicable provides that personal jurisdiction exists if a person causes "tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth." Va. Code Ann. § 8.01-328.1.

Marsh attempts to allege that Judge Edwards violated his constitutional rights, a tortious injury. But the acts or omissions causing these alleged injuries occurred in Utah, not Virginia, and Marsh has failed to provide any facts that would support that Judge Edwards regularly does business, engages in any persistent course of conduct, or derives substantial revenue from goods used in Virginia. Judge Edwards is a district court judge in Utah, and Marsh's complaints arise from decisions Judge Edwards made as he was presiding over his court in Utah. Nothing about

these facts lead to even a remote inference that Judge Edwards engages in a persistent course of conduct with Virginia.

### 1.2 Due process does not allow the exercise of personal jurisdiction over Judge Edwards.

The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A court may exercise personal jurisdiction over a non-resident defendant in two ways: general and specific jurisdiction. *See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003). This Court has neither over Judge Edwards.

#### 1.2.1 The Court lacks general jurisdiction.

General jurisdiction is "all purpose" jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). It applies only when a defendant's affiliations with a state are "so continuous and systematic as to render it essentially at home in the forum State." *Id*. (citations and quotations omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile…." *Id*.

In this case, Marsh asserts in his complaint that Judge Edwards is a judge in the Utah District Court, Second Judicial District.[22] Additionally, Marsh asserts that the legal proceedings that form the basis of his complaint took place in the Utah District Court, Second Judicial District.[23] There are no allegations that Judge Edwards has any connections with Virginia, much

[22] Pl's Compl. at ¶ 3.
[23] *Id*.

less any that could be considered so continuous and systematic as to render him "at home" in the state, such that he could be said to be the equivalent of domiciled in Virginia. Indeed, his admitted position as a state court judge of another state a great distance from Virginia negates any such inference.

#### 1.2.2 This Court lacks specific jurisdiction.

The second way that a court may have personal jurisdiction over a defendant is through specific jurisdiction. Specific jurisdiction allows a court to have "adjudicatory authority" over a defendant when the specific suit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Bauman*, 571 U.S. at 127. The Fourth Circuit has established a "three-prong" test for specific jurisdiction:

> (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.

*Hassan v. Barzani*, 674 F. Supp. 3d 282, 292 (E.D. Va. 2023) (citing *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020)). If the plaintiff satisfies the first two prongs, courts will then turn to the third prong. *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 279 (4th Cir. 2009).

Here, Marsh fails to satisfy prongs one and two of the specific jurisdiction analysis. First, Judge Edwards has not "purposefully availed [himself] of the privilege of conducting activities" in Virginia. All of the allegations in the complaint about Judge Edwards relate to his duties in making rulings and taking other actions as he presided over the divorce proceeding in the Utah state district court. Marsh has not alleged that Judge Edwards took any action in relation to

Virginia, much less any action expressly aimed at Virginia. Second, because there are no allegations of any Virginia-related activity, Judge Edwards's conduct cannot "arise out of" or "relate to" it. In fact, the only relation to Virginia pleaded in Marsh's complaint is that Marsh is a resident of Virginia. But the focus of the personal jurisdiction test is on the defendant's relationships to the forum and the litigation, not the plaintiff's connections to the forum. *Walden v. Fiore*, 571 U.S. 277, 279, 284 (2014). Mere knowledge of a plaintiff's connection to a forum state does not subject that defendant to jurisdiction within that state, and "the plaintiff cannot be the only link between the defendant and the forum." *Id*. at 285.

Because this Court does not have personal jurisdiction over Judge Edwards, the Court should dismiss this complaint against him.

**2. The Court lacks subject-matter jurisdiction to vacate the state-court judgment under the *Rooker-Feldman* doctrine.**

Marsh asks this Court to vacate the 2019 divorce decree.[24] However, a federal-district-court review of the state-court order is barred under the *Rooker-Feldman* doctrine, as established by the U.S. Supreme Court in *Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Under the *Rooker-Feldman* doctrine, if constitutional claims "presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief], then the District Court is in essence being called upon to review the state court decision. This the District Court may not do." *Feldman*, 460 U.S. at 482 n.16. The reason why the District Court may not do so is because U.S. District Courts "do not have jurisdiction … over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's

[24] *Id*. at ¶ 239.

action was unconstitutional." *Id*. at 486. The *Rooker-Feldman* doctrine precludes a party who has lost a case in state court "'from seeking what in substance would be appellate review'" in federal district court. *Bingham v. Bingham*, No. 1:18-CV-395, 2018 WL 11469716, at *1 (E.D. Va. June 11, 2018) (unpublished) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005)).

In *Bingham*, much like Marsh does here, the plaintiff asked the court to examine a final family law ruling by a state court. *Id*. The district court held that such an exercise would "controvert the *Rooker-Feldman* doctrine." *Id*.

In this case, Marsh's claims are inextricably intertwined with the state court's decisions and to adjudicate his claims would, like in *Bingham*, involve this Court in relitigating the family law issues. Marsh directly seeks to have this Court vacate the 2019 divorce decree. But this Court cannot sit in appellate review of Utah state courts because it lacks the subject-matter jurisdiction to do so as explained by *Rooker-Feldman*. As such, this Court should dismiss Marsh's claims.

**3. The State of Utah is entitled to Eleventh Amendment Immunity on all claims.**

Pursuant to the Eleventh Amendment, "'Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States' by citizens of another State." *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618 (2002); U.S. Const. amend. XI. Eleventh Amendment immunity is not without limits, and there are two methods by which the immunity may be overcome. *McConnell v. Adams*, 829 F.2d 1319, 1328 (4th Cir. 1987). "First, Congress may explicitly legislate to abrogate this immunity." *Id*. Second, the state may voluntarily waive its immunity from suit in federal court. *Id*. Neither method is applicable here.

Although the exact parameters of Marsh's causes of action are difficult to discern, it appears that he seeks to redress constitutional violations pursuant to 42 U.S.C. § 1983. However, "§ 1983 does not abrogate eleventh amendment immunity." *Id.*; *Quern v. Jordan,* 440 U.S. 332, 341 (1979).

Moreover, Utah has not voluntarily waived its immunity. Marsh asserts that the State of Utah is subject to suit pursuant to Utah Code Ann. § 63-30-4. This statute was repealed in 2004. The current Governmental Immunity Act of Utah (GIA) is numbered as Utah Code Ann. § 63G-7-101 to § 63G-7-904. While the GIA waives the State's immunity from certain suits in its own courts, it does not waive the State's immunity from suit in federal courts. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999). The GIA provides that "[t]he district courts have exclusive, original jurisdiction over any action brought under this chapter." Utah Code Ann. § 63G-7-501. The Tenth Circuit, which is the federal circuit court over Utah, has continuously held that "[b]ecause Utah provided for exclusive jurisdiction in its own courts, . . . Utah clearly intended to retain Eleventh Amendment immunity." *Sutton*, 173 F.3d at 1233 (internal citation omitted); *Johns v. Stewart*, 57 F.3d 1544, 1554 (10th Cir. 1995).

Because Congress has not abrogated immunity and Utah has not waived its immunity, this Court lacks jurisdiction over the claims against the State of Utah. *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459 (1945) (explaining that the Eleventh Amendment bar on suits is jurisdictional). Thus, any claims against the State of Utah that the Court perceives must be dismissed.

**4. Judge Edwards is entitled to absolute judicial immunity for all claims.**

Marsh seeks $117,000,000.00 in damages from Defendants.[25] However, all claims seeking damages must be dismissed against Judge Edwards, with prejudice, on the grounds of judicial immunity.

It is well-established that judges are shielded with absolute immunity from suits for monetary damages based on their judicial actions, including suits under 42 U.S.C. § 1983. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Forrester v. White*, 484 U.S. 219, 225–26 (1988); *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). The doctrine of judicial immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). The rationale for this defense is to incorporate traditional common-law immunities and to allow functionaries in the judicial system the latitude to perform their tasks absent the threat of retaliatory civil litigation. *Id*.

The courts have consistently refused to pierce judicial immunity for allegations of improper judicial intent. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) (upholding judicial immunity against allegations of corruption). There are only two exceptions to absolute judicial immunity: (1) when the judge's actions are taken outside his role as a judge, or (2) when the judge's actions are taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Neither applies here. *Bingham v. Bingham*, No. 1:18-CV-395, 2018 WL 11469716, at *1 (E.D. Va. June 11, 2018) (unpublished) (holding state trial court judge who issued child custody order entitled to absolute judicial immunity).

---

[25] Pl.'s Compl. at ¶ 239.

Marsh may disagree with Judge Edwards's rulings, but Marsh cannot sue Judge Edwards for money damages based on them—even if he believes Judge Edwards's decisions were wrong or that he acted with malice. Furthermore, Marsh's allegations of a conspiracy cannot overcome judicial immunity.[26] Judicial immunity applies, and the Court should dismiss all claims seeking monetary damages against Judge Edwards with prejudice.

**5. Marsh has failed to state any viable claims.**

Finally, if personal jurisdiction, subject-matter jurisdiction, and immunity permit any claims to remain, they should be dismissed on their merits. Marsh has failed to state viable claims on the following claims as a matter of law:

**5.1 Judicial Entrapment is not a recognized cause of action.**

In Section One of Marsh's Complaint,[27] Marsh lists several statutes in an attempt to establish a claim of "judicial entrapment via child support" against Judge Edwards and, vicariously, the State of Utah. However, none of these statutes establish or support such a cause of action. 18 U.S.C. §§ 241 and 242 are both inapplicable because they are criminal statutes and do not impose civil liability. *United States v. Price*, 383 U.S. 787, 796 (1966); *United States v. Cobb*, 905 F.2d 784, 787 (4th Cir. 1990). 42 U.S.C. § 1983 is inapplicable because Marsh does not allege any violation of federal rights, but, rather, points only to Utah state law. *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106 (1989) (explaining that in determining whether § 1983 is an available remedy "the plaintiff must assert the violation of a federal right."). Moreover, under Utah law, entrapment is an affirmative defense to criminal liability, not a civil cause of action. Utah Code Ann. § 76-2-303; *State v. Torres*, 2000 UT 100, ¶¶ 7–8, 16

[26] *Id*. at ¶¶ 106–133.
[27] *Id*. at ¶¶ 48–77.

P.3d 1242. Thus, Marsh has failed to state a claim for "judicial entrapment," and this claim must be dismissed.

### 5.2 Marsh lacks standing to bring a § 1983 claim for violations of the Fourth and Fourteenth Amendment on behalf of his parents.

Marsh attempts in Section Two of his Complaint[28] to bring a claim for "lack of due process against a party not part of the suit" against Judge Edwards and, vicariously, the State of Utah. Again, 18 U.S.C. §§ 241 and 242 impose criminal, not civil, liability and thus are inapplicable. *United States v. Price*, 383 U.S. 787, 796 (1966); *United States v. Cobb*, 905 F.2d 784, 787 (4th Cir. 1990). As for any § 1983 claims, although Marsh attempts to hold the State of Utah vicariously liable for Judge Edwards's decisions, vicarious liability is inapplicable to § 1983 suits. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Moreover, neither the state nor Judge Edwards in his official capacity are a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Thus, any § 1983 claims the Court perceives Marsh to have alleged cannot be asserted against the State of Utah or against Judge Edwards in his official capacity. Any § 1983 claims the Court perceives Marsh to have alleged against Judge Edwards in his individual capacity for violation of the Fourth and Fourteenth Amendments also fail because Marsh lacks standing to bring such a claim on behalf of his parents.

"The Fourth Amendment protects people, not places." *United States v. Castellanos*, 716 F.3d 828, 832 (4th Cir. 2013) (quoting *Katz v. United States,* 389 U.S. 347, 351 (1967)). Thus, "Fourth Amendment rights 'may not be vicariously asserted.'" *Id*. at 833 (quoting *United States v. Rumley,* 588 F.3d 202, 206, n. 2 (4th Cir. 2009)). Here, Marsh claims that Judge Edwards's ruling ordering Marsh to pay child support constituted an illegal seizure of Marsh's parents' money. According to Marsh, this illegal seizure violated Marsh's parents', who are not parties to

[28] *Id*. at ¶¶ 78–89.

this lawsuit, Fourth Amendment rights. However, Marsh cannot vicariously assert his parents' Fourth Amendment rights. Even if he could, the facts do not plausibly implicate a Fourth Amendment violation. "The protection afforded by the Fourth Amendment is aimed 'exclusively at state action.'" *United States v. Ellyson*, 326 F.3d 522, 527 (4th Cir. 2003) (quoting *United States v. Kinney*, 953 F.2d 863, 865 (4th Cir. 1992)). Here, no state actor was ever in possession of Marsh's parents' money; rather, the money went to Marsh's own children.

As for Marsh's parents' Fourteenth Amendment rights, "third parties themselves usually will be the best proponents of their own rights." *Singleton v. Wulff,* 428 U.S. 106, 114 (1976). "Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation." *Id*. at 113. "To overcome the prudential limitation on third-party standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a close relationship between herself and the person whose right she seeks to assert; and (3) a hindrance to the third party's ability to protect his or her own interests." *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002). Here, Marsh has failed to allege any reason that his parents are hindered from protecting their own interests. The fact that Marsh's parents have been supporting him and his family for several years suggests that they would be capable.

Because Marsh lacks standing to bring claims on behalf of a third party, these claims must be dismissed.

### 5.3 Marsh fails to allege facts sufficient to establish a § 1983 claim for violation of his Eighth Amendment Right.

In Section Three of Marsh's Complaint, [29] Marsh contends that Judge Edwards, and vicariously the state of Utah, violated his Eighth Amendment right because Judge Edwards

[29] *Id*. at ¶¶ 90–105.

deviated from statutory guidelines for child support and travel expenses and mentioned Marsh's criminal acts during the divorce proceeding. Marsh points to 18 U.S.C. §§ 241 and 242, which are, again, inapplicable, as they impose criminal rather than civil liability. *United States v. Price*, 383 U.S. 787, 796 (1966); *United States v. Cobb*, 905 F.2d 784, 787 (4th Cir. 1990). While Marsh can bring a suit for an Eighth Amendment violation pursuant to § 1983, Marsh cannot hold the State of Utah vicariously liable because vicarious liability is inapplicable to § 1983 suits. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Moreover, neither the state nor Judge Edwards in his official capacity are a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Thus, the § 1983 claim cannot be asserted against the State of Utah or against Judge Edwards in his official capacity. As for the § 1983 claim against Judge Edwards in his individual capacity, Marsh has failed to allege facts that would establish such a claim.

Pursuant to the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *United States v. Jalaram, Inc.*, 599 F.3d 347, 351 (4th Cir. 2010). Although Marsh mentions cruel and unusual punishment, cruel and unusual punishment generally entails "'the unnecessary and wanton infliction of pain'" through excessive physical force. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Marsh has not alleged any physical force. This case also does not deal with excessive bail. Rather, where payments are at issue, it seems that the Excessive Fines Clause would be most applicable. The Supreme Court has "explained that at the time the Constitution was adopted, 'the word 'fine' was understood to mean a payment to a sovereign as punishment for some offense.'" *United States v. Bajakajian*, 524 U.S. 321, 327 (1998) (quoting *Browning–Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)). "The Excessive Fines Clause thus 'limits the government's

power to extract payments, whether in cash or in kind, 'as punishment for some offense.''" *Id*. at 328 (quoting *Austin v. United States,* 509 U.S. 602, 609–610 (1993) (emphasis deleted)). Here, Marsh has not alleged that he has been made to issue any payments to a sovereign. Rather, the martial assets were awarded to Marsh's wife, the child support payments and travel expenses would have gone to his children, and the therapy payment would have gone to Dana Emmons, who is not an employee of the state of Utah. Thus, any Eighth Amendment claim should be dismissed.

### 5.4 In Section Four of Marsh's Complaint, Marsh fails to allege any constitutional violation or any other viable basis for a claim.[30]

Marsh attempts to establish a claim for "conspiracy against rights" against Judge Edwards and, vicariously, the state of Utah. However, none of the statutes Marsh lists establish or support such a cause of action. 18 U.S.C. §§ 241 and 242 are, once again, inapplicable because they are criminal statutes and do not impose civil liability. *United States v. Price*, 383 U.S. 787, 796 (1966); *United States v. Cobb*, 905 F.2d 784, 787 (4th Cir. 1990). 42 U.S.C. § 1983 is inapplicable because Marsh does not allege any violation of federal rights. *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106 (1989). In fact, the only thing that Marsh asserts Judge Edwards to have done in this section is find that it was not in the children's best interest to have to start reunification therapy again with a new therapist. Even liberally construed, that does not seem to plausibly violate any of Marsh's federal rights. Thus, this claim must be dismissed.

[30] *Id*. at ¶¶ 106–133.

### 5.5 Marsh fails to state a claim for negligence.

Marsh attempts in Section Five of his Complaint[31] to state claims for violation of state investigation and reporting laws and "no investigation of reports of child abuse." Marsh lists 18 U.S.C. §§ 241 and 242, which are criminal statutes, do not impose civil liability, and are thus inapplicable. *United States v. Price*, 383 U.S. 787, 796 (1966); *United States v. Cobb*, 905 F.2d 784, 787 (4th Cir. 1990). Marsh also points to 42 U.S.C. § 1983, which is also inapplicable because Marsh does not allege any violation of federal rights, but, rather, points only to Utah state law. *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 106 (1989). The Utah state statute cited by Marsh, Utah Code Ann. § 30-3-5.2, permits a trial court to order an investigation regarding allegations of child abuse. It does not create a private right of action, and no private right of action for damages can be implied. *See Buckner v. Kennard*, 2004 UT 78, ¶ 40, 99 P.3d 842.

Marsh does state that Judge Edwards was negligent in following Utah Code Ann. § 30-3-5.2, so it is possible that he is attempting to assert a negligence claim. To establish a claim for negligence under Utah law, a plaintiff must establish four elements: "(1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages." *Webb v. Univ. of Utah*, 2005 UT 80, ¶ 9, 125 P.3d 906. Marsh does not specifically allege that Judge Edwards had a duty. Even assuming the Utah statute imposes a duty on Judge Edwards, Marsh has not plausibly alleged that there was a breach of that duty. Marsh complains that Judge Edwards did not order a further investigation into the alleged abuse.[32] Pursuant to the statute, the court "may" order an investigation. Utah Code Ann. § 30-3-5.2. Thus, ordering an

[31] *Id*. at ¶¶ 134–157.
[32] *Id*. at ¶ 147.

investigation was within the judge's discretion, and he was not required to do so. *See Kanth v. Kanth*, No. 20010718-CA, 2002 WL 31770985, at *3 (Utah Ct. App. Dec. 12, 2002) (unpublished). And where there is no underlying liability on Judge Edwards's part, there can be no vicarious liability for the State of Utah. Thus, to the extent that the Court perceives that Marsh states a claim for negligence, that claim should be dismissed.

#### 5.5.1 Even if Marsh did state a claim for negligence, the claim is barred.

The Utah Governmental Immunity Act (GIA) "governs all claims against governmental entities or against their employees arising out of the performance of the employee's duties, within the scope of employment, or under color of authority," and provides all governmental entities and employees with immunity from suit for any injury resulting from the exercise of a governmental function unless immunity is waived. Utah Code Ann. §§ 63G-7-101(2)(b) and -201(1).

The Utah Supreme Court takes a three-step approach to determine whether the government and its employees are immune under the GIA. *Wagner v. State*, 2005 UT 54, ¶ 12, 122 P.3d 599. The first step is to decide whether the activity involved is a "governmental function" that is entitled to blanket immunity. *Id.* The second step is to determine whether a different section of the GIA waives immunity, and the third step is to decide whether there is an exception to the waiver that acts to preserve immunity. *Id.* Because the Utah Legislature amended the GIA, it may no longer be necessary to examine immunity under the three-part test when an injury arises out of conduct or conditions under Subsection 63G-7-201(4), because immunity is almost never waived. But, because the courts continue to rely on the test, and because it does not change the result here, Defendants analyze immunity under the older three-part test.

First, the Court must determine whether the activity is a governmental function. The GIA broadly defines "governmental function" as "each activity, undertaking, or operation of a governmental entity," including "each activity, undertaking, or operation performed by a department, agency, employee, agent, or officer of a governmental entity," and "includes a governmental entity's failure to act." Utah Code Ann. § 63G-7-102(5)(A). Here, Marsh claims that the State of Utah is vicariously liable for Judge Edwards's actions. Judge Edwards's decisions in presiding over the divorce proceedings fall within the GIA's broad definition of governmental function.

Marsh appears to allege that Judge Edwards was negligent in failing to order an investigation. The GIA waives immunity "as to any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment." Utah Code Ann. § 63G-7-301(2)(i). Therefore, the second part would be satisfied if, as Marsh alleges, Judge Edwards acted negligently.

The third and final step is to determine whether the GIA contains an exception to waiver that acts to preserve immunity. The GIA provides a number of exceptions to the waiver of governmental immunity including if the "injury arises out of, in connection with, or results from:

(a) the exercise or performance, or the failure to exercise or perform, a discretionary function, whether or not the discretion is abused;

(b) [M]alicious prosecution . . . abuse of process . . . or violation of civil rights;

(c) the issuance . . . or the failure or refusal to issue . . . any . . . order, or similar authorization;

> (e) the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause."

Utah Code Ann. § 63G-7-201(4)(a), (b), (c), (e). Even if the Court has jurisdiction over Judge Edwards and Marsh's claims, and even if Judge Edwards was not entitled to common-law judicial immunity, Judge Edwards would be entitled to state-law immunity from the only possible claim, under the Governmental Immunity Act.

### 5.6 Marsh's claim for supervisory liability fails because there could not have been an underlying constitutional violation because Dana Emmons is not a state actor.

In Section Six of Marsh's Complaint, [33] Marsh attempts to state claims for failure to supervise and conspiracy against Judge Edwards and, vicariously, the state of Utah, stating that Judge Edwards failed to supervise Dana Emmons to ensure due process. Again, as state above, 18 U.S.C. §§ 241 and 242 are criminal statutes and do not impose civil liability; they are thus inapplicable. *United States v. Price*, 383 U.S. 787, 796 (1966); *United States v. Cobb*, 905 F.2d 784, 787 (4th Cir. 1990). As for any § 1983 claims, although Marsh attempts to hold the State of Utah vicariously liable for Judge Edwards's decisions, vicarious liability is inapplicable to § 1983 suits. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Moreover, neither the state nor Judge Edwards in his official capacity are a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Thus, any § 1983 claim the Court perceives Marsh to have alleged cannot be asserted against the State of Utah or Judge Edwards in his official capacity.

As for supervisory liability claim against Judge Edwards in his individual capacity, the Fourth Circuit has set forth three elements required to established § 1983 supervisory liability. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). First, "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff." *Id*. Second, "that the

[33] *Id*. at ¶¶ 158–179.

supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices.'" *Id*. Third, "that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* Even assuming that Judge Edwards is obligated to supervise Dana Emmons, a therapist who the *parties* chose to facilitate the reunification therapy, for whose services Marsh's parents paid, and who is not an employee of the court, Marsh fails to satisfy any elements required to establish supervisory liability because Dana Emmons is not a state actor and thus could not have violated Marsh's due process rights.

To implicate § 1983, conduct must be "fairly attributable to the State." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1983)). It is well established that being under court appointment does not transform a non-state actor into a state actor. *See Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980) (holding court-appointed physician and court-appointed attorney were not state actors and that § 1983 action must be dismissed against them). Here, Emmons is the court-appointed therapist that the parties decided upon, but she is not an employee of the state. Being court-appointed does not transform her into a state actor. And because Emmons is not a state actor and thus could not have violated Marsh's federal rights, Judge Edwards could not have had knowledge of any pervasive and unreasonable risk of such. He could not have shown deliberate indifference, and there was no particular constitutional injury. Thus, this claim must be dismissed.

## CONCLUSION

For these reasons, Defendants request that the Court grant their motion and dismiss Plaintiff's Complaint.

RESPECTFULLY SUBMITTED this 24th day of April 2024,

/s/ *Madeline P. Olsen*
KYLE KAISER (Utah Bar No. 13924)
MADELINE P. OLSEN (Utah Bar No. 19034)
*Admitted Pro Hac Vice*
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: 801-366-0100
kkaiser@agutah.gov
madelineolsen@agutah.gov
*Attorneys for Defendants*

/s/ *Besa Bucaj*
BESA BUCAJ (VSB No. 99276)
Assistant Virginia Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 482-2252
bbucaj@oag.state.va.us
*Sponsoring Local Counsel*

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on April 24, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to the following:

Kirk Russel Marsh
*Pro se Plaintiff*
10036 Glenmere Rd.
Fairfax, VA 22032
kirkrussel@gmail.com

/s/ *Besa Bucaj*
Assistant Attorney General