IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIRK RUSSEL MARSH, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | Civil Action No. 1:24-cv-516 |
| ) | |
| THE STATE OF UTAH, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. 10) ("Motion"). On March 29, 2024, Plaintiff Kirk Russel Marsh, proceeding *pro se*, filed the instant Complaint. Dkt. 1 ("Compl."). Plaintiff sued the State of Utah, Judge Michael Edwards, and Court Appointed Reunification Counselor Dana Emmons, alleging violations of federal law in connection with a divorce decree and custody agreement originating in Utah. *Id.* Plaintiff seeks compensatory damages totaling $117,000,000, as well as vacatur of the relevant state-court orders. *Id.* Defendants seek dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1), for lack of personal jurisdiction under Rule 12(b)(2), and for failure to state a claim under Rule 12(b)(6). Dkts. 10, 11. The Motion is fully briefed.[1]

As to surviving a motion to dismiss under Rule 12(b)(1), "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court

---

[1] On May 21, 2024, Plaintiff appears to have filed a sur-reply to Defendants' reply in support of the instant Motion. Dkt. 17. Plaintiff did not move for leave to file his sur-reply. Nonetheless, the Court has considered Plaintiff's sur-reply herein.

1

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A plaintiff "bears the burden of proving that subject-matter jurisdiction exists." *Piney Run Pres. Ass'n v. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008).

Next, "[u]nder Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). Moreover, "a Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter." *Id.* "[W]hen the court addresses the personal jurisdiction question by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Id.* at 268. "Ultimately, however, a plaintiff must establish facts supporting jurisdiction over the defendant by a preponderance of the evidence." *Id.*

Finally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When reviewing a 12(b)(6) motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint" and draw "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, Inc., 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

A court will construe documents filed by a *pro se* litigant liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of *pro se*

complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A pro se plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). "The mere assertion of a federal claim is not sufficient to obtain jurisdiction[.]" *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Plaintiff argues that this Court may exercise its subject-matter jurisdiction over his claims under both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Dkt. 13 ¶ 21.[2] Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." And under 28 U.S.C. § 1332, "[f]ederal courts . . . possess subject matter jurisdiction over all civil actions when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties' citizenship is completely diverse." *Joyner v. Prince William Cnty. Cir. Ct.*, 2023 WL 2457342, at *2 (E.D. Va. Mar. 10, 2023). However, the *Rooker-Feldman* doctrine prevents federal courts from hearing claims that attempt to bypass the state appellate process. *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997). The *Rooker-Feldman* doctrine is a narrow jurisdictional bar, where "[t]he controlling question . . . is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision."[3] *Id.*

In his Complaint, Plaintiff challenges a divorce decree entered on May 14, 2019 by

---

[2] The Court notes that a plaintiff cannot amend his Complaint through subsequent briefing. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

[3] The *Rooker-Feldman* doctrine applies to cases arising under 28 U.S.C. § 1331 and 28 U.S.C. § 1332 alike. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (describing the doctrine as precluding subject-matter jurisdiction in actions otherwise proper under 28 U.S.C. § 1330, § 1331, or § 1332); *Wilson–McClain v. Specialized Loan Servicing, LLC*, 2016 WL 5662002, at *7 (E.D. Va. Sept. 29, 2016) (dismissing a case allegedly arising under 28 U.S.C. § 1332 pursuant to the *Rooker-Feldman* doctrine).

3

Defendant Judge Edwards in a state court in Utah. Compl. ¶ 17. Plaintiff claims that the order, state-court proceedings, and subsequent encounters with the court-appointed reunification officer violated Plaintiff's constitutional rights along with other federal law. *Id.* ¶¶ 48–196. Among other grounds, Defendants argue that the Court lacks subject-matter jurisdiction over the Complaint due to the *Rooker-Feldman* doctrine. Dkt. 11 at 9–10.

The Fourth Circuit has made clear that when a plaintiff's claims are "inextricably intertwined" with the merits of state-court judgments, a district court should decline jurisdiction under the *Rooker-Feldman* doctrine. *Jordahl*, 122 F.3d at 203. Plaintiff's causes of action arise out of dissatisfaction with the state-court judgments entered against him during his divorce proceedings. *Id.* ¶ 239 (seeking vacatur of the "divorce decree dated August 16, 2019"). Plaintiff cannot use independent federal causes of action, such as 42 U.S.C. § 1983, simply to "circumvent" *Rooker-Feldman*. 122 F.3d at 202.

Thus, even reviewing the Complaint in a light most favorable to Plaintiff, Plaintiff does not plausibly allege claims that are independent of the merits of the state-court judgments Plaintiff seeks to invalidate. This is because to grant Plaintiff the relief he seeks, this Court would need to first declare that the underlying Utah state divorce decree was erroneous as a matter of state law. *Id.* Plaintiff thus "invit[es] district court review and rejection of those [state-court] judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Such relief is prohibited by the *Rooker-Feldman* doctrine because Plaintiff essentially asks this Court to sit in appellate review of the state court that imposed the divorce decree at issue.[4] It is similarly clear from a review of the Complaint that Plaintiff's constitutional claims are inextricably tied to the questions ruled upon by the state court. As such,

---

[4] The Court also notes that it is well established that "the district courts have no original diversity jurisdiction to grant a divorce, to award alimony, to determine child custody, or to decree visitation." *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980).

4

those claims are also barred here. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (recognizing that the *Rooker-Feldman* doctrine bars not only "issues actually presented to and decided by a state court, but also of constitutional claims that are 'inextricably intertwined with' questions ruled upon by a state court, as when success on the federal claim depends upon a determination 'that the state court wrongly decided the issues before it'") (citation omitted). The Court thus lacks subject-matter jurisdiction over Plaintiff's claims.[5] Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Dkt. 10) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff's "Motion for Ruling of Plea for Injunction for Habeas Relief and Waiver of Oral Arguments" (Dkt. 23) is **DENIED as moot**.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff, who is proceeding *pro se*.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the

---

[5] Because this Court dismisses for lack of subject-matter jurisdiction, it will not take up the additional arguments that Defendants raise as to the merits of Plaintiff's Complaint under Rule 12(b)(6) or whether the Court has personal jurisdiction over Defendants under Rule 12(b)(2). "This is because there is no unyielding jurisdictional hierarchy and because [t]he validity of an order of a federal court depends upon that court's having jurisdiction over *both* the subject matter *and* the parties." *Lolavar v. de Santibanes*, 430 F.3d 221, 227 (4th Cir. 2005).

As the issues relating to subject-matter jurisdiction are straightforward here, the Court disposes with the instant case on these grounds. *Cf. Lolavar*, 430 F.3d at 227 (finding that where "the facts and circumstances of the litigation demonstrate that the issues of subject matter jurisdiction raised in this case would be substantial and perhaps difficult to resolve" a "district court [may] properly elect[] to address the straightforward and simple personal jurisdiction question without first addressing subject-matter jurisdiction").

date of the order Plaintiff wants to appeal. Plaintiff need not explain the ground for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Entered this 13th day of September, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

6